UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Travelers Property Casualty Co.,   :   Hon. Joseph H. Rodriguez

      Plaintiff,   :   Civil Action No. 05-983
v.
                                          :
Tomasella's Fire Extinguisher Co.,
      et. al.,   :   MEMORANDUM ORDER

      Defendants.   :

This matter comes before the Court upon the motion for summary judgment [30] of defendant Keystone Fire Protection Company (Keystone), pursuant to Fed.R.Civ.P. 56(c). The Court has reviewed the submissions of the parties and considers this matter pursuant to Fed.R.Civ.P. 78. For the reasons that follow, summary judgment is granted.

Keystone is a corporation that both installs and services fire suppression systems and equipment. The following facts are undisputed. For several years prior to 2002, Camden County College in New Jersey (The College), used the services of Keystone in the cafeteria at its Blackwood campus. During this time, Keystone performed inspections on a semi-annual basis. In February 2002, Keystone performed its last inspection of the facility. Following this inspection, Keystone informed The College that the current fire suppression system, a dry chemical system, was outdated and recommended the installation of a wet chemical system. According to Keystone, it sent three letters to The College stating that it would no longer continue to inspect the dry chemical system. The College did not respond to any of these letters.

In October 2002, The College engaged the services of defendant Tomasella's Fire Extinguisher Company (Tomasella's). In December 2002, Tomasella's installed a wet

chemical system and performed an inspection of that system, as well as an inspection of the hood ventilation system.  The hood was cleaned by defendant Kleen Air Systems (Kleen) in January 2003.  On March 10, 2003, a fire occurred in the cafeteria cooking line at The College.

Plaintiff Travelers Property Casualty Company of America (Travelers) instituted this action on behalf of its insured, Whitson Food Service Corporation[1], on February 18, 2005.  On December 20, 2007, the parties engaged in arbitration proceedings.[2]  In this motion, Keystone argues that it did not have a duty to inspect after February 2002 and that the engagement of Tomasella's terminated its contract with The College.  Alternatively, even if Keystone was obligated to inspect, it contends that there is no evidence suggesting that the condition of the hood in March 2003 was the same as the condition of the hood during the time Keystone was under contract.

Neither Plaintiff Travelers nor cross-claimant Kleen have filed opposition to Keystone's motion for summary judgment.  However, opposition was received from co-defendant Tomasella's, who does not have any claims against Keystone.  Even assuming Tomasella's has the authority to oppose Keystone's motion, there are no genuine issues of fact regarding the cause of the fire as to Keystone.  Given that the motion is unopposed by the plaintiff and the cross-claimant, and because on the merits it is warranted, summary judgment is granted.

Summary judgment is appropriate where the Court is satisfied that "the

---

[1] Whitson Food Service Corporation operated the cafeteria at the Blackwood campus of The College.

[2] The parties to this motion were among the participants in the arbitration hearing.  As of the date of this Order, the arbitrator has yet to issue a determination.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 5(c). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Id. Consequently, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

The basic framework of summary judgment places the initial burden of demonstrating the absence of a genuine issue of material fact upon the moving party. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Indeed, the plain language of Rule 56(c) mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

A cause of action founded upon negligence in New Jersey requires satisfaction of four elements: (1) duty of care, (2) breach of that duty, (3) proximate cause, and (4) resulting damages.  Weinberg v. Dinger, 106 N.J. 469, 484 (1987).  Pursuant to the contract between The College and Keystone, inspections were to take place in February and August. (Certification of Steven D. Farisou, Esq., Ex. C)  Here, there is a dispute as to whether Keystone owed a duty to inspect through December 2002.  Even assuming that it owed such a duty and breached that duty, there is no evidence that Keystone's negligence was a proximate cause of the fire at the The College in March 2003.  Importantly, the fire suppression system was replaced, with the dry chemical system being removed, by Defendant Tomasella's in December 2002.  It is undisputed that this system was installed and inspected by Tomasella's.

The cause of the fire is disputed, as the parties contest the performance of the new wet chemical fire suppression system and plaintiff's expert asserts that improper cleaning of the hood was a contributing factor to the fire.  (Report of James Valentine, attached as Exhibit H to Keystone's moving brief)  Tomasella's inspected the hood during installation of the new fire suppression system in December 2002.

> Q. Okay.  When you did the installation, you did not quick seal those holes, did you?
> A. I was going to.
> Q.  When you came back?
> A. Correct.  Because again, I was taking the responsibility of the certification of the hood at that time, making sure everything is up to code.

(Deposition of Joseph Tomasella, p. 61, attached as Exhibit C to Keystone's moving brief).  In addition, the hood was inspected a second time on January 10, 2003, by Defendant/Cross-Claimant Kleen.  (Id. Deposition of Glenn Miller, Exhibit E).  During this inspection, Kleen noted that the grease build up was not abnormal and then it cleaned the hood down to the "bare metal". (Id. Exhibit B).

Tomasella's has not identified any evidence suggesting that Keystone's alleged negligence was a proximate cause of the fire.  Keystone is not identified in plaintiff's expert report and the Camden County Fire Marshal statement concludes that the failure of the fryolator thermostat caused the fire.  (Camden County Fire Marshal Statement, attached as Exhibit G to Keystone's moving brief)  Giving all favorable inferences to the non-moving party, there is no evidence that any negligence on the part of Keystone was a proximate cause of the fire.

Even assuming Tomasella's has standing to oppose Keystone's summary judgment motion, it has failed to identify a genuine issue of material fact regarding Keystone's alleged negligence as a proximate cause of the 2003 fire at The College.  In addition, neither Plaintiff Travelers nor Cross-Claimant Kleen opposes the present motion.  For all of these reasons, summary judgment [30] is granted as to all claims and cross-claims against defendant Keystone.

It is so ORDERED on this 7th day of January 2008.

/s/ Joseph H. Rodriguez
Joseph H. Rodriguez,
United States District Judge